BARR & WIDEN MERCANTILE AGENCY CO., Appellant,
v. WILLIAM RODICK, Respondent.

St. Louis Court of Appeals, December 8, 1891.

1. **Subscription for Book : SUFFICIENCY OF TENDER.** If a sub-
scription for a book is absolute and without qualification, a tender
of the book under the subscription is not sufficient, if the book
thus tendered contains a printed statement on its title page to the
effect, that it is to remain the property of the publisher and is to
be returned to him in one year; nor is such tender sufficient,
though it is accompanied with an oral waiver of such reservation
of title.

2. ———: **WAIVER OF TENDER.** Nor does the subscriber waive the
necessity of tender by sending to the publisher a postal card
rescinding the subscription, if he did so because he had ascertained
that he would be expected to acquiesce in such reservation of title
by the publisher, and if, moreover, there is no evidence that the
publisher ever intended, prior to the sending of such card, to make
an absolute tender of the book in accordance with the subscrip-
tion.

*Appeal from the St. Louis City Circuit Court.*—HON.
LEROY B. VALLIANT, Judge.

AFFIRMED.

*Edmond A. B. Garesché,* for appellant.

(1) Under the evidence in this case appellant was
entitled to a peremptory instruction directing the
jury to find in its favor, and the court erred in giving a
peremptory instruction to find for defendant. (2)
Respondent having attempted to repudiate his contract
prior to a delivery under its terms was not entitled to have
a tender made to him of the book of 1891, as a condition
precedent to appellant's right to recover in this case.
*Harwood v. Diemer*, 41 Mo. App. 48; *MacDonald v.
Wolff*, 40 Mo. App. 302. But even if entitled to have

a tender made to him, the evidence shows affirmatively that a good and sufficient one was made before the institution of this suit.

*John B. Roeder*, for respondent.

THOMPSON, J.—This action was brought before a justice of the peace to recover ten dollars, claimed to be due under the following contract:

"Established, 1882.	Incorporated, 1886.

"The conditions of this subscription are absolute, and no verbal or other understanding will be considered or allowed by the company.

"Subscription price, $10.00.

"ST. LOUIS, Sept. 18, 1890.

" *Barr & Widen Mercantile Agency Co.:*

"Will please send to the undersigned one copy of your St. Louis Credit Guide, Vol. 7, for 1891, for which I will pay the subscription price Nov. 1st, 1890.

"Name.	W. RODICK.

"Business, Grocer.	Address:	2900 S. Broadway."

There was a trial in the circuit court before a jury, and, at the close of the evidence, the court instructed the jury that the plaintiff could not recover, and the propriety of this instruction is the question for consideration on this appeal. The defendant's evidence established the signing of the contract by the defendant, and that the book mentioned therein was tendered by the plaintiff to the defendant, together with a *supplemental contract* which the plaintiff desired to have the defendant sign, but which he refused to sign. The evidence further shows that, after the agent of the plaintiff who made the tender had taken further instructions from the plaintiff, the book was, by parol, tendered to the defendant *unconditionally*, but that the defendant refused to receive it. But the evidence of the plaintiff's president also shows that the book, as tendered, contained on its title page a printed statement to the

effect, that the book was the property of the plaintiff, and was to be returned to the plaintiff at the end of the year.

The contract on its face imports a purchase of the book for the price of $10. A tender of the book with this ear-mark upon it, showing that it belonged to the plaintiff and not to the defendant, was not a tender in compliance with this contract; and the defendant would not be bound to accept the book with this printed matter upon it, notwithstanding there may have been a parol waiver of it and an unconditional tender by parol. In case of an action of replevin by the plaintiffs for the book, this title page would be *evidence*, at the very least, tending to show that, by the acquiescence of the defendant, the title to the book remained in the plaintiff. An unconditional tender would not have taken place under such circumstances without an offer to cancel this printed statement on the title page ; but of such an offer there was no evidence.

The argument, that the plaintiff was not bound to make a tender at all, because the defendant had refused a tender in advance by sending to the plaintiff a postal card rescinding the contract, is of no force ; because the conclusion is quite consistent with the evidence, that the reason why he sent this postal card was that he had discovered the peculiar methods of doing business practiced by the plaintiffs, and knew that the book, when delivered, would not be his, and that he would be expected to sign a contract such as no business man in his senses would sign. Besides there is no evidence whatever that the plaintiff ever intended, prior to the writing of the postal card, to pass to the defendant an unconditional title to the book, as the contract imports, but all the inferences are to the contrary. The court was, therefore, right in holding that on the evidence the plaintiff was not entitled to recover; and the judgment is accordingly affirmed. All the judges concur.